-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLEMON JONES, 07B2912

        Petitioner,

        -v-

Superintendent KENNETH KIRKPATRICK,

        Respondent.

**DECISION AND ORDER**
08-CV-6083Fe

---

By Order filed March 4, 2008 (Docket No. 2), the petitioner, Clemon Jones, was granted permission to proceed as a poor person and directed to address the Court's question regarding the exhaustion of state court remedies for all of petitioner's claims in his 28 U.S.C. § 2254 habeas petition.

Petitioner has now moved for permission to withdraw his petition[1] so that he might exhaust all of the claims in his petition (Docket No. 3). Because no response to the petition has as yet been filed, petitioner's motion to withdraw the petition is granted. Fed.R.Civ.P. 41(a)(1)(i); Rules Governing Section 2254 Cases, Rule 4.

Petitioner may raise his claims in a new petition after he has properly exhausted his state court remedies; such subsequent petition will not be

---

[1] Petitioner has not chosen to seek a stay of the petition, which was an option presented in the Court's order. Accordingly, it appears that petitioner is not concerned with being barred by the statute of limitations, 28 U.S.C. § 2244(d)(1), when he files a new petition..

considered a second or successive petition for purposes of the habeas statutes because this petition has not been decided upon the merits. The Court notes again, however, that, although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section," the United States Supreme Court has determined, in *Duncan v. Walker*, 33 U.S. 167(2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act. Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition. Thus, petitioner may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: April 21, 2008